IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lawrence C. Paulin, Jr., ) | |
| ) | Civil Action No. 6:08-0067-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Franklin Smith, Former Chief Jailer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's and plaintiff's motions for summary judgment. The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

On April 29, 2008, the defendant filed a motion for summary judgment. By order filed April 30, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 1, 2008, the plaintiff filed a motion for summary judgment, which this court will also consider as his opposition to the defendant's motion.

The plaintiff was an inmate at the Dorchester County Detention Center ("DCDC") from July 9, 2007, through January 12, 2008. The plaintiff alleges that the

defendant violated his constitutional rights by denying him outdoor recreation from July 12, 2007, through mid-November 2007.

>The plaintiff alleges as follows in his complaint (verbatim):
>
>Defendant, Franklin Smith, showed deliberate indifference in denying plaintiff, Lawrence C. Paulin Jr,, outdoor recreation. Defendant, Franklin Smith, was chief jailer from July 15, 2007 through mid-November, 2007. Franklin Smith, Defendant, no longer serves as cheif jailer, and was relieved of his duties as chief jailer in mid-November, 2007. Franklin Smith, Defendant, is liable in this lawsuit because as chief Jailer, he is in control of operations at the Dorchester County Detention Center.
>
>Plaintiff, Lawrence C. Paulin Jr., is an inmate serving a 6 month sentence for a family Court violation and has been in General Population since the beginning of his incarceration, July 12, 2007.
>
>Plaintiff, Lawrence C. Paulin Jr., has suffered mentally as a result of the denial of outdoor recreation. During the period of Plaintiff, Lawrence C. Paulin Jr., incarceration, he has suffered psychologically, emotionally, and physically, and as time goes on, the suffering intensifies.

(Comp. 4).

According to the affidavit of Lieutenant Wanda Taylor, the operations lieutenant for the DCDC, the plaintiff was never restricted to his room for 23½ hours a day as he alleges. Inmates in A-Dorm, where the plaintiff was housed, are permitted out of their cells to attend activities including Bible Study, church fellowship, and AA. For the A-Dorm, outdoor recreation is scheduled for Monday, Wednesday, and Friday, unless weather or staff availability causes an occasional cancellation. According to Lieutenant Taylor, outdoor recreation has been curtailed on only a few occasions and, at those times, inmates were allowed to exercise in the indoor day room. According to Lieutenant Taylor, if the plaintiff was restricted to his room, it was entirely of his own choosing (Taylor aff. ¶¶ 7-9). In his response to the motion for summary judgment, the plaintiff states that he was allowed 30 minutes of indoor recreation per day (pl. m.s.j. 1).

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365

(4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

As the plaintiff was serving a six-month Family Court sentence while an inmate in the DCDC,  he was not a pretrial detainee, and thus his claim is governed by the Eighth Amendment.  The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove:  (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).  "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'"  *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

Even assuming the deprivation of a basic human need was sufficiently serious, the plaintiff has failed to show that the prison officials acted with a sufficiently culpable state of mind.  Conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).

Further, as argued by the defendant, the plaintiff's injuries, if any, were at most *de minimis* and thus do not rise to the level of a constitutional claim.  *See Norman v.*

*Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*.").

Next, the defendant argues that the evidence fails to reflect his personal involvement in the allegations of the plaintiff. Further, the defendant argues that the record does not show the elements necessary to establish a claim under a supervisory theory. This court agrees. The plaintiff has failed to allege that the defendant personally acted or failed to act in violation of his constitutional rights. The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994). The plaintiff has failed to show that the subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury. Further, there is no evidence that this defendant was indifferent to or authorized any such conduct.

The defendant also argues that, to the extent the plaintiff raises his claims against him in his individual capacity, he is entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the

5

plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In this case, as set forth above, the plaintiff has failed to demonstrate that the actions of the defendant violated any of his constitutional rights. Therefore, the defendant is entitled to qualified immunity.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment (doc. 11) be granted and the plaintiff's motion for summary judgment (doc. 21) be denied.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 24, 2008
Greenville, South Carolina

6